Argued May 5, reversed June 1, 1915.

# TOWN OF HAINES *v.* EASTERN OREGON L. & P. CO.

### (149 Pac. 87.)

**Constitutional Law—Obligation of Contracts—Franchises.**

1. Where a franchise is given to an electric company by an ordinance and is accepted by the company and acted on by it and its successor, an executed contract is constituted which cannot be altered without the consent of both parties.

**Franchises—Construction—Ordinances.**

2. The provisions of a franchise when treated as a contract are not to be construed as the clauses of a municipal charter, but, like any other agreement, such interpretation is to be adopted as will determine the intention of the parties from the language they have employed, and, when two interpretations are permissible, that construction which is most favorable to the public should be adopted.

**Electricity—Franchise—Construction—Meters.**

3. Under an ordinance granting a franchise to an electric light company, and providing in one clause that a flat rate should be charged during the life of the franchise, and providing in another clause a maximum rate in case meters were installed, the company has a right to install meters at any time, where it does not charge therefor more than the rate fixed.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by the Town of Haines, a municipal corporation, against the Eastern Oregon Light & Power Company, a corporation, to enjoin the use of electric meters. The cause being at issue was tried upon an agreed statement of facts, in substance as follows: That, exercising the power conferred upon the plaintiff, the Town of Haines, by its charter, the mayor and council, on November 1, 1906, enacted an ordinance granting to the Baker Light & Power Company, its successors and assigns, the right for a term of 30 years, to locate, erect and maintain in the streets, alleys and public places of that municipality poles

with cross-arms and to suspend thereon wires to be employed in transmitting electricity to be used by the plaintiff and its citizens for illumination. Section 10 of the enactment, as far as considered material, reads:

"It is hereby provided that the said Baker Light & Power Company, its successors and assigns, shall, during the life of this franchise, make a flat rate for electric lights to the City of Haines, and to the inhabitants thereof, and that the rates charged therefor shall not exceed the following tabulated rates."

Here are set forth the respective charges, not exceeding certain sums per month, for the use of incandescent lights of 4, 8, 16 and 32, candle-power, and of arc-lights of specified amperes, from dark until midnight, and also for all-night service. The section referred to contains a clause as follows:

"In case of installation of meters, the meter rate shall not exceed twenty cents per thousand watt hours."

That the franchise was accepted by the grantee, which put up poles, strung wires, erected structures, and maintained and operated in that town a lighting system, supplying electricity at the flat rates prescribed until shortly prior to the commencement of this suit, when, in consequence of the use of electric lights by certain citizens of the Town of Haines for a longer period and of a greater intensity than they were entitled to, the defendant, as the successor of the Baker Light & Power Company, found it necessary to install meters and to charge a maximum rate of 15 cents per thousand watt hours, and to exact from users of a greater quantity of electricity a commercial rate of from 4 cents to 10 cents per K. W. hour, and that in no instance has a rate been charged which amounted

to the meter rate prescribed by the ordinance. That, for the reason stated, the defendant discontinued giving a flat rate, insisted upon meter rates, demanded payment for supplying electricity according to the latter measurement, and in some instances when meters were refused by users their lights were shut off until meters were installed, when under protest they were set up. And that the plaintiff and its inhabitants have no other available source for lighting the streets and houses of the town than by the electricity supplied by the defendant. Findings of fact having been made in conformity with the stipulation, a decree was rendered as prayed for in the complaint, and the defendant appeals.

REVERSED AND DISMISSED.

For appellant there was a brief over the names of *Mr. John L. Rand* and *Mr. A. A. Smith,* with an oral argument by *Mr. Rand.*

For respondent there was a brief and an oral argument by *Mr. Frank B. Mitchell.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is contended that, construing together the parts of the municipal enactment referred to, the defendant, as the successor in interest of the grantee of the franchise, had the right to install and use electric meters, subject, however, to the limitation that the rate to be charged for electric energy should not exceed the sum prescribed by the enactment, and that in denying an exercise of the privilege granted an error was committed. The provisions of the ordinance having been accepted and acted upon by the grantee of the franchise and its successor, the enactment became an exe-

cuted contract which cannot be altered without the consent of both parties: 8 Cyc. 950; McQuillin, Mun. Corp., § 1165; *Detroit* v. *Detroit St. Ry. Co.,* 184 U. S. 368 (46 L. Ed. 592, 22 Sup. Ct. Rep. 410).

2. The provisions of an ordinance, when treated as a contract, are not to be construed as the clauses of a municipal charter, but, like any other agreement, such an interpretation is to be adopted as will determine the intention of the parties from the language they have employed: McQuillin, Mun. Corp., § 811; McQuillin Mun. Ord., § 290; *Savage-Scoffield Co.* v. *City of Tacoma,* 56 Wash. 457 (105 Pac. 1032). When two interpretations of a municipal ordinance, treated as a contract, are permissible, that construction which is most favorable to the public should be adopted: McQuillin, Mun. Ord., § 290. The cases cited to support the text, which appears under the topic, "when the ordinance is to be treated as a contract," are *Freeport Water Co.* v. *Freeport,* 180 U. S. 587 (45 L. Ed. 679, 21 Sup. Ct. Rep. 493), *Danville Water Co.* v. *Danville,* 180 U. S. 619 (45 L. Ed. 696, 21 Sup. Ct. Rep. 505), and *Rogers Park Water Co.* v. *Fergus,* 180 U. S. 624 (45 L. Ed. 702, 21 Sup. Ct. Rep. 490). In each of these cases a statute of Illinois authorizing municipal corporations to supply water for public use was construed. In the first case, the ruling in which was followed in the others, it was held that the power granted by the statute could, without exertion, be construed as distributive; that a city council was authorized to contract for the construction and maintenance of waterworks, at such rates as might be fixed by ordinance and for a period not exceeding 30 years; that the words "fixed by ordinance" might be construed to mean by ordinance once for all to endure during the whole period of 30 years, or by ordinance

from time to time as might be deemed necessary; and that, of the two constructions, that should be adopted which was most favorable to the public, not that one which would so tie the hands of the council that the rates could not be adjusted as justice to both parties might re· 're at a particular time. It will thus be seen that, while the provisions of ordinances were considered in the cases referred to, it was in fact the language of a statute, granting power, equivalent to clauses of a municipal charter enacted for the same purpose, that was interpreted.

3. The rule governing cases of this kind should be that where a municipal ordinance, which is treated as a contract, is fairly susceptible to two constructions, that interpretation should be adopted which is most favorable to the public. An examination of the language of Section 10 of the ordinance in question, in order to determine the intention of the contracting parties, would seem to induce the construction that the clauses hereinbefore quoted, when read together, were not subject to two constructions. In the first part of the section, though a flat rate for the use of electric lights for 30 years is provided for, it is thereafter stipulated that, if meters be installed, the rate for the electric energy thus consumed shall not exceed a specified sum per thousand watt hours. Had the contract, evidenced by the ordinance, been assented to by private parties, no doubt would be entertained that the grantee of the right was given the privilege to change, at pleasure, the method of determining the compensation to be paid for the electricity used, subject, however, to the limitation that the meter rate should not exceed the sum per month specified. The privilege of adopting a meter rate was evidently not inserted in the ordinance to enable the parties sub-

sequently to conclude an agreement to that effect. Such a clause was wholly unnecessary for that purpose, since every contract, except possibly that of marriage, can be altered or annulled by mutual consent of the parties.

It is believed that no doubt can reasonably exist, when the entire ordinance is considered, that a privilege was conferred by the municipal enactment upon the grantee of the franchise, its successors or assigns, to change at pleasure the rate from a flat to a meter basis, and that an error was committed in granting the relief awarded.

Issues were made by the pleadings respecting charges for rent of meters and exactions of a sum of money for installing them, which latter payment was to be returned when the use of the electricity was discontinued. The facts as stipulated do not refer to these disputed questions, and for that reason the averments of the complaint in these particulars will be treated as unsubstantiated.

For the error referred to, the decree should be reversed and the suit dismissed, and it is so ordered.

REVERSED AND DISMISSED.

MR. JUSTICE BENSON took no part in the consideration of this cause.