Walter K. POLSTORFF, Plaintiff,

v.

James C. FLETCHER, in his representative capacity as Administrator for National Aeronautics and Space Administration, an agency of the United States Government, Defendant.

Helmut G. KRAUSE, Plaintiff,

v.

James C. FLETCHER, in his representative capacity as Administrator for National Aeronautics and Space Administration, an agency of the United States Government, Defendant.

Civ. A. Nos. 76–G–0728–NE, 76–G–1422–NE.

United States District Court,
N. D. Alabama,
Northeastern Division.

April 13, 1977.

Dieter J. Schrader, Huntsville, Ala., for plaintiffs Polstorff and Krause.

Wayman G. Sherrer, U. S. Atty., Caryl P. Privett, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## ORDER

GUIN, District Judge.

This cause came on to be heard upon the motion of plaintiffs, filed on March 25, 1977, for reconsideration of this court's order of March 10, 1977, granting defendant's motion to strike plaintiffs' demand for trial by jury.

The court has considered the motion and the briefs of the parties and, in conformity with the Memorandum Opinion entered contemporaneously herewith, is of the opinion that plaintiffs' motion is due to be denied.

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiffs' motion for reconsideration of the court's order of March 10, 1977, granting defendant's motion to strike plaintiffs' demand for trial by jury be and the same hereby is DENIED, and this case is hereby continued until the next regularly scheduled nonjury docket.

## MEMORANDUM OPINION

The parties are before the court on plaintiffs' motion to reconsider the court's order to strike plaintiffs' jury demand. Plaintiffs brought an action for reinstatement or promotion, and back pay, alleging defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a). Plaintiffs allege that they were demoted to lower classifications in the federal civil service by reason of their age and national origin.

### I.

▮ The seventh amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved, . . ." U.S.Const. amend. VII. Whether there is a right to a jury trial depends, not on whether the action is one recognized at common law as it existed in 1791, but on whether the issues to be determined are legal as opposed to equitable in nature. *Parsons v. Bedford,* 3 Pet. 433, 7 L.Ed. 732 (1830). Where an action presents both legal and equitable issues, the right to trial by jury attaches to the legal issues whether or not they are characterized as merely incidental to the equitable issues. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

▮ Actions under Title VII seeking reinstatement and back pay are actions *in personam,* within the court's discretion, and are almost universally held to be equitable in nature. See, e. g., *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969); *United States v. United States Steel,* 520 F.2d 1043 (5th Cir. 1975). Therefore, if plaintiffs are to have a jury trial, it must appear that a legal issue is presented by plaintiffs' claims for reinstatement and lost earnings under the ADEA.

Though plaintiffs bring the instant action under 29 U.S.C. § 633a(c), the enforcement provision for age discrimination by the federal government, the pertinent parts of that section are almost identical in terms to § 626(c) of the same title. For the purposes of the following analysis, plaintiffs' claims are treated as if brought under § 626(c).

### II.

▮ *Ross v. Bernhard,* 396 U.S. 531, 538 fn. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970),

established a threefold test for determining whether an issue is triable before a jury. The issue must, (a) be such as would have been characterized as legal as opposed to equitable under premerger law, (b) command legal relief, and (c) be triable to a jury given jurors' practical abilities and limitations. For plaintiffs to have a jury trial, then, they must present an issue meeting all three of these conditions.

■ The Fourth and Sixth Circuit Courts of Appeals have recently decided the instant issue with divergent results. The Sixth Circuit, in *Morelock v. N. C. R. Corp.,* 546 F.2d 682 (6th Cir. 1976), held that actions under the ADEA for reinstatement and lost earnings are equitable in nature and properly triable before the court; while the Fourth Circuit, in *Pons v. Lorillard,* 549 F.2d 950 (4th Cir. 1977), held that such actions present legal issues triable to a jury. This court adopts the reasoning and the decision of the Sixth Circuit and rejects that of the Fourth Circuit.

The Sixth Circuit, in substance, based its decision on the grounds that the first condition of *Ross* is not met in actions such as the one now pending in this court. In other words, the issues presented are equitable and not legal. This conclusion is based on the cumulative effect of several factors.

The purposes of Title VII and the ADEA, the discouragement of discrimination in employment, are substantially similar. The prohibitions of Title VII, contained in 42 U.S.C. § 2000e–3(a), and those of the ADEA are identical except that the former prohibits discrimination based on race, color, religion, sex, and national origin, while the latter prohibits discrimination based on age.

The thrust of an action for reinstatement and lost wages under the ADEA is remedial and not compensatory. Courts are provided broad discretion to grant relief to further the purposes of the ADEA by 29 U.S.C. § 626(b).

The present action is one *in personam* against the named defendant in his official capacity and not *in rem* against plaintiffs' governmental employer. The monetary relief sought is comparable to that granted under Title VII, 42 U.S.C. § 2000e–5(g). It is untenable that an action for reinstatement and lost earnings on account of unlawful discrimination should be equitable under Title VII, but legal under the ADEA. By an analysis of these factors, the Sixth Circuit correctly concluded in *Morelock v. N. C. R. Corp., supra,* that actions such as that now pending before this court are properly in equity and not at law. This action, therefore, does not meet the first criterion set out in *Ross.*

### III.

The Fourth Circuit, in *Pons v. Lorillard, supra,* reaches the opposite result. The *Pons* court compares the provisions of Titles VII and VIII of the Civil Rights Act of 1964 with those of the ADEA, concluding that actions at law are allowed under the ADEA.

The *Pons* court then embarks on an attempt to demonstrate that the ADEA by its terms commands a jury trial in claims for lost earnings.

The ADEA, 29 U.S.C. § 626(b), reads:

The provisions of this chapter shall be enforced in accordance with the powers, remedies and procedures provided in sections . . . 216 (except for subsection (a) thereof) and 217 of this title, and subsection (c) of this section. . . . Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title.

The ADEA is said clearly to equate lost earnings with "unpaid minimum wages or overtime compensation" recoverable under § 216(b). That section of the Fair Labor Standards Act (FLSA) provides for legal remedies only.

The Fourth Circuit correctly decides that actions for unpaid minimum wages or overtime compensation under 216(b) are analogous to actions at law in assumpsit, for breach of contract, or in tort. *Wirtz v. Jones,* 340 F.2d 901 (5th Cir. 1965). The

court thereupon concludes that the first criterion of *Ross* is met.

Although actions for unpaid minimum wages or overtime compensation are properly at law, actions for reinstatement and lost earnings are not necessarily to be treated as those proceedings at law, not by the above statute nor by analogy.

This court observes that § 217 of Title 29 provides equitable remedies for the Secretary of Labor and that subsection (c) of § 626 provides for both legal and equitable remedies for individuals.

The Sixth Circuit, in examining the above quoted section and the FLSA, 29 U.S.C. § 216(b), concludes that § 626 merely adds to the legal remedies available under § 216(b) equitable remedies for actions under the ADEA. This analysis is in line with the provisions of § 626(c) providing for both legal and equitable remedies.

It is not contended that the provisions of § 626(b) relating to minimum wages and overtime compensation are mere surplusage, only that they do not apply to the instant action. If an employer discriminated against an employee by minimizing his compensation on the basis of age, the employee would have a legal right under the ADEA to the amount by which he was injured.

 "Restitution" means to restore. *Savage-Scofield Co. v. City of Tacoma et al.,* 56 Wash. 457, 105 P. 1032 (1909). The remedy is equally suited to actions at law and in equity and is characterized as legal or equitable depending on the nature of the rights to be redressed. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Coon v. Schoeneman,* 476 S.W.2d 439 (Tex.Civ.App.1972).

The right to restitution arises where one party is accountable to the other on the grounds that one would unjustly benefit or the other would unjustly suffer a loss. *Naimoli v. Massa,* 81 Misc.2d 431, 366 N.Y.S.2d 573 (City Ct. of Geneva, 1975).

Plaintiffs' actions for lost earnings are, in substance, for restitution. If plaintiffs ultimately prevail, they would unjustly suffer a loss of earnings if not awarded restitution. There is little dispute that the action for reinstatement is in equity. The remedy of restitution here would arise from the same rights as the remedy of reinstatement. Therefore, the action for restitution is in equity.

When restitution assumes the character of an equitable remedy, the relief is not a matter of right, but is in the court's discretion. *Albemarle Paper Co. v. Moody, supra.* Since restitution is equitable here, it does not fall within "amounts owing" under § 626(b). The statute, then, does not command that actions such as that now pending be tried at law before a jury.

There being no legal issue, plaintiffs' motion to reconsider the court's order striking plaintiffs' jury demand is to be denied.